IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RHUDEL G. GASTON, | ) | CIVIL NO. 05-00617 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DISTRICT COURT OF THE FIRST | ) | |
| CIRCUIT, STATE OF HAWAI`I, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DENY
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Rhudel G. Gaston ("Petitioner") filed his amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Amended Petition") on October 3, 2005.[1]  Respondent District Court of the First Circuit, Honolulu Division, State of Hawai`i ("Respondent") filed an answer to the Amended Petition ("Answer") on November 30, 2005 and Petitioner filed a reply to the Answer ("Reply") on December 5, 2005.  United States District Judge David Alan Ezra referred the Amended Petition to this Court pursuant to 28 U.S.C. § 636(b) and Rule LR72.5 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  The Court finds this matter suitable for disposition without a hearing pursuant to Rule 8 of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, and Local

---

[1] Petitioner filed the original Petition on September 23, 2006.

Rule LR7.2(d).  After careful consideration of the parties'
submissions and the relevant case law, this Court FINDS AND
RECOMMENDS that the district court DENY the Amended Petition for
the reasons set forth below.

## BACKGROUND

On September 21, 2004, after a bench trial, Petitioner
was convicted of one count of driving under the influence of an
intoxicant ("DUI"), in violation of Hawai`i Revised Statutes
("H.R.S.") § 291E-61(a)(1) (Supp. 2004).[2]  The state court
sentenced Petitioner to a ninety-day suspension of his driver's
license, a fourteen-hour substance abuse program, seventy-two
hours of community service, a $150.00 fine, and various other
assessments.  [Transcript at 85.]  Petitioner appealed his
conviction and sentence and the Intermediate Court of Appeals
("ICA") affirmed his conviction and sentence in a published
opinion.  See State v. Gaston, 108 Hawai`i 308, 119 P.3d 616 (Ct.
App. 2005).  The Amended Petition alleges that the ICA's analysis
violated Petitioner's right to due process.

At trial, Honolulu Police Department ("HPD") officer
Jason Pistor ("Officer Pistor") testified that, on February 1,
2004, he was called to the scene of a car accident on the H-1

---

[2] Petitioner was also charged with driving without a valid
driver's license, in violation of H.R.S. § 286-102 (Supp. 2004),
but the state court acquitted Petitioner of that charge.  [Appx.
A to Answer, Transcript, Sept. 21, 2004 ("Transcript"), at 81-
82.]

Freeway.  At the scene, Officer Pistor learned that a red Mustang hit a utility pole and a turn sign, and then became impaled on the guardrail.  No other vehicles were involved in the collision. Officer Pistor spoke to Petitioner, who said he was driving westbound at sixty miles per hour.  As Petitioner was taking the off-ramp, he veered off and hit the utility pole.  Officer Pistor was approximately two feet away from Petitioner when they spoke and Officer Pistor could smell alcohol on Petitioner's breath. Officer Pistor also testified that Petitioner's face was flushed and Petitioner's eyes were a little red.  Petitioner also seemed to have difficulty standing and keeping his balance.  [Transcript at 8-13.]  Officer Pistor, however, testified that Petitioner's eyes were not watery or glassy.  [Id. at 23.]

On cross-examination, Officer Pistor stated that Petitioner's car was severely damaged.  Officer Pistor admitted that someone who was in an accident of that severity could be shaken up and the degree to which the person was affected would depend on a number of factors.  He testified that his observations of Petitioner could have been explained by the traumatic effect of the accident.  [Id. at 14-15.]  Officer Pistor admitted that he did not know whether Petitioner was under the influence.  Officer Pistor did not know the time of the accident, or whether Petitioner may have consumed alcohol after the accident but before Officer Pistor's arrival.  Officer Pistor

also admitted that he did not note Petitioner's flushed face and
red eyes in his report, although such notations should be
recorded in an accident report.  [Id. at 16-18.]  He also
admitted that drivers who have not been drinking sometimes lose
control of their cars and have an accident.  Further, not all
persons with alcohol on their breath have been drinking.  [Id. at
20-21.]

        HPD officer Emalia Keawe ("Officer Keawe") testified
that she worked with Officer Pistor on the night in question and
that she arrested Petitioner for DUI.  [Id. at 26.]  When Officer
Keawe spoke to Petitioner, she was one or two feet away and she
could smell alcohol when he spoke.  She also noticed that he had
glassy eyes.  Based on those observations, she asked Petitioner
to submit to a field sobriety test ("FST").[3]  [Id. at 28-30.]
Officer Keawe testified that, prior to administering the FST, she
asked Petitioner if he was taking any medication.  He said that
he was, but at trial, Officer Keawe could not recall what type of
medication it was.  [Id. at 34-35.]  Petitioner was not able to
complete the thirty-second one-leg stand portion of the FST.  He
put his foot down before the test was over and did not want to
continue.  He also lifted one of his arms throughout his

_____

    [3] The prosecution admitted that it could not lay a proper
foundation for the FST.  The state court therefore considered
Officer Keawe's opinions regarding whether Petitioner was
intoxicated as lay opinions.  [Transcript at 80.]

4

performance of the test and he swayed.  [Id. at 53-56.]  In addition, Petitioner did not follow instructions during the walk and turn test.  Officer Keawe instructed him to take nine heel-to-toe steps, pivot, and take nine heel-to-toe steps back, while counting each step.  Officer Keawe testified that Petitioner took twelve steps one way and seventeen the other and that some of his steps were not heel-to-toe.  [Id. at 56-57.]  Based on Petitioner's performance on the FST, Officer Keawe arrested him for DUI.  [Id. at 62.]

On cross-examination, Officer Keawe admitted that she did not know how much time elapsed between the accident and her arrival on the scene, and that she did not know whether Petitioner consumed alcohol after the accident.  Officer Keawe testified that, during the walk and turn test, Petitioner started on time, did not stop walking, did not step off the line, and did not raise his arms.  Officer Keawe testified that during the one-leg stand test, Petitioner did not hop and did not put his foot down until he could no longer perform the test, which was at least twenty seconds into the test.  [Id. at 63-67.]  Officer Keawe also testified that it was a serious accident and that there is a good chance that someone in that type of accident would be shaken up.  Based on her observations, she assumed Petitioner's performance on the FST was attributable to alcohol, but she did not know whether the accident was a factor.  [Id. at

67-68.]

At the close of the prosecution's case, the defense made a motion for judgment of acquittal, which the state court denied.  Petitioner elected not to testify and the defense rested without presenting any witnesses.  [Id. at 71-72.]

After closing arguments, the state court made the following oral findings:

> the evidence to me appears to be overwhelming in that [Petitioner's] losing control of his vehicle was due to alcohol.  He was impaired, alcohol impaired his ability to drive.  It wasn't due to any ordinary negligence, for example, what you suggested reaching down to pick up something. That's not how the Court sees this case, nor it was [sic] [Petitioner] able to guard against casualty.  That's obvious from the accident.
>      This is a one-car accident.  It happened around midnight.  There wasn't too much traffic on the road, thank goodness.  [Petitioner] lost, admitted losing control of his vehicle and hitting a guardrail.  His face was flushed.  According to Officer Pistor, his eyes were red.  According to Officer Keawe, his eyes were glassy.
>      He had a, according to both officers who were standing within a couple feet of [Petitioner], was an alcoholic, there was odor of an alcoholic beverage emanating from his breath while he spoke. This to me all indicates [Petitioner], that alcohol was a factor in this accident and the Court will, therefore, find [Petitioner] guilty as charged . . . .

[Id. at 80-81.]

Petitioner filed his notice of appeal the day after the state court's oral ruling.[4]  [Appx. C to Answer.]  Petitioner's

---

[4] The state court entered its judgment on September 23,
(continued...)

6

points of appeal were: 1) there was insufficient evidence to support his conviction; and 2) the state court violated his state and federal due process rights by convicting him in the absence of proof beyond a reasonable doubt.  [Appx D to Answer.]

The ICA affirmed the state court's judgment of conviction in a published opinion.  See State v. Gaston, 108 Hawai`i 308, 119 P.3d 616 (Ct. App. 2005).  The ICA rejected both of Petitioner's points of appeal, holding that there was substantial evidence supporting his conviction.  See id. at 313, 119 P.3d at 621.  The ICA stated that "[t]he evidence of alcohol impairment present in this case rivals that which we have previously held to be, substantial at the very least."  Id. at 311, 119 P.3d at 619.  One of the prior cases it discussed was State v. Mitchell, 94 Hawai`i 388, 15 P.3d 314 (Ct. App. 2000). In Mitchell, the defendant admitted to drinking alcohol before the accident but attributed his inability to drive to medication. See 94 Hawai`i at 399, 15 P.3d at 325.  The ICA held in Mitchell that "the influence of the medication is immaterial under the law.  '[W]here a defendant's intoxication is due in any part to alcohol, it is immaterial that the defendant might also have been affected by other drugs.'"  Id. (quoting State v. Vliet, 91 Hawai`i 288, 294, 983 P.2d 189, 195 (1999)) (alteration in

---

[4](...continued)
2004.  [Appx. B to Answer.]

original).  Further, in rejecting Petitioner's argument that the
prosecution was required, but failed, to prove that the accident
was not a cause of his impairment, the ICA noted that "'noting in
the DUI statute requires that alcohol be the sole or exclusive
cause of a defendant's impairment.  Rather, what is required is
proof beyond a reasonable doubt that liquor contributed to the
diminishment of the defendant's capacity to drive safely.'"  Id.
at 313, 119 P.3d at 621 (quoting Mitchell, 94 Hawai`i at 400, 15
P.3d at 326 (quoting Vliet, 91 Hawai`i at 293, 983 P.2d at 194)).

     Petitioner filed a motion for reconsideration on August
22, 2005.  [Appx. H to Answer.]  Petitioner argued that the ICA
violated his right to due process by applying Mitchell and Vliet,
cases which stand for the proposition that a defendant is not
able to escape liability for DUI because his impairment was
caused by a combination of alcohol and drugs.  Petitioner argued
that there was no evidence that he had been using drugs and that,
by applying the "contribution test" of Mitchell and Vliet, the
ICA "effectively lowered the burden of proof placed upon the
State by creating a presumption that there is also a factor in
addition to alcohol which, in combination with the alcohol,
explains [his] impairment."  [Id., Mem. in Supp. of Motion for
Recon. at 2.]  He also argued that this presumption had no basis
in fact or logic and therefore violated Leary v. United States,
395 U.S. 6, 36 (1969).  Petitioner contended that, without the

presumption, there was insufficient evidence of his guilt.  [Id. at 3.]  The ICA denied Petitioner's Motion for Reconsideration. [Appx. I to Answer.]

Petitioner filed a timely application for a writ of certiorari from the Hawai`i Supreme Court, raising the same arguments he raised in the Motion for Reconsideration.  [Appx. J to Answer.]  The supreme court denied Petitioner's application on September 12, 2005.  [Appx. K to Answer.]  Petitioner did not seek a writ of certiorari from the United States Supreme Court. [Amended Petition at ¶ 9(h).]

Petitioner filed the Amended Petition on October 3, 2006.  Petitioner argues that the ICA violated his

> fourteenth amendment right to due process of law
> in this alcohol only DUI case (1) by creating a
> presumption that some unidentified factor in
> addition to alcohol caused Petitioner to be
> impaired, and (2) by reducing the burden of proof
> from proof beyond a reasonable doubt that alcohol
> caused the impairment to one of proof only that
> alcohol was a "contributing factor" to
> Petitioner's impairment[.]

[Amended Petition at ¶ 12.]  Petitioner seeks release from "all restraint from the custody he is now subject to by virtue of the state court's judgment."  [Id. at pg. 18.]

Respondent filed its answer on November 30, 2005. Respondent points out that Petitioner does not identify which portion of the ICA's opinion created the alleged presumption. Respondent argues that the ICA's opinion determined that there

was substantial evidence that Petitioner was impaired by alcohol.
[Answer at 12.]  As to Petitioner's second argument, Respondent
again notes that Petitioner does not identify which portion of
the opinion allegedly lowered the burden of proof.  Respondent
argues that the ICA did in fact focus upon the issue whether
there was sufficient evidence that Petitioner was impaired by
alcohol and that there is no support for Petitioner's contention
that the ICA treated alcohol as a mere contributing factor.  [Id.
at 14-16.]

Petitioner filed his Reply on December 5, 2005.
Petitioner argues that, at the time of his trial, state law
required that the prosecution prove that he was under the
influence of alcohol "'in an amount sufficient to impair [his]
normal mental faculties or ability to care for [himself] and
guard against casualty[.]'"  [Reply at 9 (quoting State v.
Cummings, 101 Hawai`i 139, 143-44, 63 P.3d 1109, 1111-13 (2003))
(alterations in original).]  Petitioner points to a particular
quotation from the ICA's opinion, see infra, as evidence that the
ICA applied the "contributing factor test" to his case and
created a presumption that there was an unidentified factor in
addition to alcohol.  [Reply at 9-11.]  He argues that the
application of this test was not warranted under the facts of the
case because there was no evidence that he had been using drugs
or that there was any other factor which caused his impairment.

10

[Id. at 10.]  Petitioner agues that the ICA should have required that there be sufficient evidence that alcohol caused his impairment, but the ICA only required that there was sufficient evidence that alcohol contributed to Petitioner's impairment. [Id. at 14.]

## LEGAL STANDARD

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 402-04 (2000).  For purposes of § 2254(d)(1), "[c]learly established Federal law" is "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision[,]" Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003) (citations omitted), and refers to the holdings, rather than the dicta, of the Supreme Court's decisions.  See Williams, 529 U.S. at 412.

Under the "contrary to" clause of § 2254(d)(1), a

11

federal court may grant relief only when the state court "arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently . . . on a set of materially indistinguishable facts."  Williams, 529 U.S. at 412-13.

Under the section's "unreasonable application" clause, a federal court may grant relief only "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  The "unreasonable application" clause of § 2254(d)(1) applies if the state court cited the correct Supreme Court principles, but applies them to the facts of the prisoner's case in an unreasonable manner.  See id. at 407.  In order to be an unreasonable application of federal law, the state court's application must be "objectively unreasonable." Id. at 409.

**DISCUSSION**

**I.   Jurisdictional Prerequisites**

The federal courts only have jurisdiction to entertain a § 2254 habeas petition if the petitioner was in custody under the conviction and sentence at issue at the time he filed his petition.  See 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam).  Although the parties have not addressed the "in custody" requirement, this Court is obligated

12

to examine the issue *sua sponte* because it is a jurisdictional prerequisite.  See Means v. Navajo Nation, 432 F.3d 924, 928 (9th Cir. 2005).

"[T]o satisfy the custody requirement, petitioner must demonstrate that he is subject to a significant restraint upon his liberty not shared by the public generally."  Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993) (citation and quotation marks omitted).  If the petitioner is subsequently released from custody after the filing of the petition, that fact alone does not deprive the court of jurisdiction.  See Tyars v. Finner, 709 F.2d 1274, 1279 (9th Cir. 1983).  The petitioner's release, however, may render the petition moot if there is no longer a case or controversy under Article III, § 2 of the Constitution.  See Spencer v. Kemma, 523 U.S. 1, 7, (1998).  The petitioner's release does not render the petition moot if his conviction will subject him to adverse collateral consequences.  See Prantil v. California, 843 F.2d 314, 316 n.2 (9th Cir. 1988).  In the context of a criminal conviction, there is a "presumption of significant collateral consequences".  Spencer, 523 U.S. at 12.

In the present case, Petitioner's sentence included mandatory attendance of a fourteen-hour substance abuse program.[5]

---

[5] Fines and revocations of drivers licenses are merely collateral consequences of a conviction; they do not satisfy the
(continued...)

13

In <u>Dow</u>, the Ninth Circuit addressed a similar sentence under Hawai`i law and held that mandatory attendance of an alcohol rehabilitation program satisfied the "in custody" requirement. <u>See</u> 995 F.2d at 923.  The state court ordered Petitioner's sentence stayed pending appeal.  [Transcript at 86.]  The Hawai`i Supreme Court denied Petitioner's application for writ of certiorari on September 12, 2005 and Petitioner filed the instant case on September 23, 2005.  Arguably, if Petitioner completed the program in the interim, he would not have been "in custody" when he filed the Petition.

The parties do not expressly address whether Petitioner completed the program.  The state court's docket for this case does not indicate whether there was any court action after the resolution of Petitioner's appeal.  Further, the original Petition sought the following relief: "to release Petitioner from all restraint from the custody he is now subject to by virtue of the state court's order to attend the 14-hour substance abuse treatment program . . . ."  [Petition at 18.]  It can be reasonably inferred from the request for relief that Petitioner had not completed the program by the time he filed the original Petition.  The Court therefore finds that Petitioner was "in custody" at the time he filed the Petition.

---

[5](...continued)
"in custody" requirement.  <u>See</u> <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1183 (9th Cir. 1998).

14

The Amended Petition, however, requests the following relief: "to release Petitioner from all restraint from the custody he is now subject to by virtue of the state court's judgment."  [Amended Petition at 18.]  This may indicate that Petitioner completed the substance abuse treatment program after the filling of the original Petition.  Even assuming, *arguendo*, that is the case, the Amended Petition would relate back to the Petition for purposes of the "in custody" requirement because both petitions "state claims that are tied to a common core of operative facts[.]"[6]  See <u>Mayle v. Felix</u>, 125 S. Ct. 2562, 2574 (2005) (relation back for statute of limitations purposes).  Further, the case would not be moot because of the presumption that Petitioner's DUI conviction has collateral consequences.  See <u>State v. Lau</u>, 78 Hawai`i 54, 61, 890 P.2d 291, 298 (1995) (holding that DUI is a criminal offense rather than a traffic offense).  This Court therefore has jurisdiction to consider the Amended Petition.

## II.  <u>Merits</u>

The crux of the Amended Petition is that the ICA created a presumption that there was an unidentified factor which, in combination with alcohol, caused the impairment that the officers observed.  Petitioner argues that this presumption

---

[6] The only difference between the Petition and the Amended Petition is the relief requested.

15

reduced the prosecution's burden of proof and that, without the presumption, there was insufficient evidence to support his conviction.  Petitioner argues that this violated his right to due process under the United States Constitution, as well as the United States Supreme Court's mandate that "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof – defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."  Jackson v. Virginia, 443 U.S. 307, 316 (1979).

### A.    Presumption of Unidentified Factor

Petitioner argues that the following portion of the ICA's opinion creates the presumption of an unidentified factor: "Specifically 'nothing in the DUI statute requires that alcohol be the sole or exclusive cause of a defendant's impairment. Rather, what is required is proof beyond a reasonable doubt that liquor contributed to the diminishment of the defendant's capacity to drive safely.'"  Gaston, 108 Hawai`i at 313, 119 P.3d at 621 (quoting Mitchell, 94 Hawai`i at 400, 15 P.3d at 326 (quoting Vliet, 91 Hawai`i at 293, 983 P.2d at 194)).  At trial, defense counsel elicited testimony from both Officer Pistor and Officer Keawe that a person involved in a serious accident like the subject accident was likely to be shaken up by the accident. Defense counsel argued that Petitioner was shaken up by the

accident and this explained Petitioner's erratic performance on the FST.  Defense counsel emphasized that Petitioner did not display some of the behaviors in the FST that typically characterize persons under the influence of alcohol.  [Transcript at 75-77.]  On appeal, Petitioner argued that there was insufficient evidence to support his conviction because the prosecution did not prove that trauma from the accident was not a cause of his apparent impairment.  The ICA made the disputed statement in the context of that argument.  See Gaston, 108 Hawai`i at 313, 119 P.3d at 621.

          Thus, although Petitioner may not have argued that there was another cause of his alleged impairment, he did argue that there was another explanation for the evidence that the prosecution presented to establish him impairment.  The ICA noted that, in a case involving circumstantial evidence, proof beyond a reasonable doubt does not require "that the circumstantial evidence be 'inconsistent with every reasonable hypothesis of innocence' or 'foreclose the hypothesis of innocence.'"  Id. (quoting State v. Ferm, 94 Hawai`i 17, 26, 7 P.3d 193, 202 (Ct. App. 2000)) (some citations and quotation marks omitted). Immediately thereafter, the ICA quoted the language which Petitioner argues created the presumption of another unidentified factor.  Petitioner's argument is misplaced.  In this Court's view, the ICA used the disputed language by analogy to illustrate

17

that the prosecution was not required to prove that Petitioner's
trauma from the accident had absolutely no effect on his behavior
after the accident.   Even if the trauma had some effect on his
behavior, that alone does not negate the probative value of the
HPD officers' observations.   The ICA ultimately held that, in
light of the record as a whole, there was substantial evidence
supporting Petitioner's conviction.   <u>See</u> <u>id.</u>   Based on the ICA's
statements elsewhere in the opinion, the Court finds that this
holding was based on evidence of Petitioner's alcohol impairment.
<u>See</u> <u>id.</u> at 311, 119 P.3d at 619 ("Defendant's overarching point
on appeal is that the quantum of evidence of alcohol impairment
in this case does not, as a matter of law, rise to the level of
substantial evidence." and "The evidence of alcohol impairment
present in this case rivals that which we have previously held to
be, substantial at the very least.").

        Having considered the disputed language in context, the
Court finds that the ICA did not create a presumption that there
was another unidentified factor which, combined with alcohol,
caused Petitioner's impairment.   Insofar as this Court rejects
Petitioner's claim that the ICA created a presumption of another
factor, this Court also rejects Petitioner's argument that the
presumption violated his right to due process of law by reducing
the burden of proof.   Similarly, the Court need not address
Petitioner's claim that, without the presumption, there was

insufficient evidence to support his conviction.  For the sake of completeness, however, the Court will address Petitioner's sufficiency of the evidence argument without regard to the alleged presumption.

**B.**  **Sufficiency of the Evidence**

Where a habeas petitioner challenges a state court's factual findings based entirely on the state court record, the "unreasonable determination of the facts" standard applies.  See Lambert v. Blodgett, 393 F.3d 943, 972 (9th Cir. 2004), cert. denied, 126 S. Ct. 484 (2005).  This inquiry is extremely deferential to the state court's findings.  See id.  The Ninth Circuit has described the standard as follows:

> [I]t is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision; rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record.  Likewise, mere doubt as to the adequacy of the state court's findings of fact is insufficient; we must be satisfied that *any* appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.

Id. (citations and quotation marks omitted, alterations in original).  After the state court's factual findings survive this initial review, the they are presumed to be correct and can only be rebutted by "clear and convincing evidence."  See § 2254(e)(1).

19

This Court cannot find that *any* appellate court reviewing the record would find that there was insufficient facts to support Petitioner's conviction.  The ICA's affirmance of Petitioner's conviction was not an unreasonable determination of the facts.  This Court must defer to the ICA's holding that there was sufficient evidence to support the conviction and Petitioner has not come forward with clear and convincing evidence in rebuttal.  This Court therefore finds that the ICA's decision was not contrary to, or an unreasonable application of, clearly established federal law.

### CONCLUSION

On the basis of the foregoing, this Court HEREBY FINDS AND RECOMMENDS that Rhudel G. Gaston's Amended Petition be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, September 18, 2006.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**RHUDEL G. GASTON V. DISTRICT COURT OF THE FIRST CIRCUIT; CIVIL NO. 05-00617 DAE-LEK; FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS**