IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| RHUDEL G. GASTON, | ) | CV. NO. 05-00617 DAE-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DISTRICT COURT OF THE FIRST CIRCUIT, STATE OF HAWAI`I, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE'S FINDING AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner Gaston's objections to the Magistrate Judge's findings and recommendations, the Court AFFIRMS the Magistrate's Findings and Recommendation to Deny Petition For Writ of Habeas Corpus.

BACKGROUND

On October 3, 2006, after the Intermediate Court of Appeals ("ICA") affirmed the state court's conviction of Petitioner for one count of driving under the influence of an intoxicant ("DUI"), Petitioner filed an amended petition for writ of habeas corpus. Petitioner argued that the ICA violated his Fourteenth Amendment right to due process of law by (1) creating a presumption that some

unidentified factor in addition to alcohol caused Petitioner to be impaired, and (2) reducing the burden of proof from proof beyond a reasonable doubt that alcohol caused the impairment to one of proof that alcohol was a "contributing factor" to Petitioner's impairment. (Am. Pet. ¶ 12.)

On September 18, 2006, Magistrate Judge Kobayashi issued a findings and recommendation that Petitioner's amended petition for writ of habeas corpus under 28 U.S.C. § 2254 be denied.  Specifically, the Magistrate found that the ICA did not create a presumption that there was another unidentified factor which, combined with alcohol, caused Petitioner's impairment.  Since the Magistrate found that no presumption was created, the court also rejected Petitioner's claim that the presumption violated his right to due process of law by reducing the burden of proof.  Judge Kobayashi also clarified that the ICA found sufficient evidence to affirm Petitioner's conviction.

On September 25, 2006, Petitioner filed objections to the findings and recommendation.  Petitioner argues that in the following statement, the Magistrate misstated Petitioner's argument in his state appeal: "On appeal, Petitioner argued that there was insufficient evidence to support his conviction because the prosecution did not prove that trauma from the accident was not a cause of his apparent impairment." (Pet'r's Object. 2.)  Additionally, Petitioner argues that the

Magistrate erred in finding that there were sufficient facts to support the ICA's affirmance of his conviction.

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations.  See 28 U.S.C. § 636(b).  Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a *de novo* determination.  A *de novo* review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered."  U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.'  The judge may also receive further evidence or recommit the matter to the magistrate with instructions." McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

I.      Creation of an Unconstitutional Presumption

Petitioner asserts that the ICA created a presumption "that some factor other than alcohol caused the impairment *in [Petitioner]'s driving*," which he argues is unconstitutional under Leary v. United States, 395 U.S. 6, 36 (1969). (Pet'r 's Object. 3.)  Petitioner argues that the following portion of the ICA's opinion created the presumption: "Specifically 'nothing in the DUI statute requires that alcohol be the sole or exclusive cause of a defendant's impairment.  Rather, what is required is proof beyond a reasonable doubt that liquor contributed to the diminishment of defendant's capacity to drive safely.'" State v. Gaston, 119 P.3d 616, 621 (Haw. Ct. App. 2005) (quoting State v. Mitchell, 15 P.3d 314, 326 (Haw. Ct. App. 2000) (quoting State v. Vliet, 983 P.2d 189, 194 (Haw. 1999))).

In Leary, the court reversed petitioner's conviction for paying the transfer tax imposed by the Marijuana Tax Act ("MTA"), and held that the MTA contained a statutory presumption that violated the Fifth Amendment's privilege against self-incrimination, by requiring persons in illegal possession of marijuana to register their possession with federal officials for tax purposes, thereby

necessarily admitting criminal possession of marijuana in order to comply with the MTA's civil requirements.  Leary, 395 U.S. at 37.

Petitioner misapplies Leary to the present set of facts.  Here, the ICA did not create a presumption that some factor other than alcohol contributed to Petitioner's impairment while driving.  The DUI statute provides:

> §291E-61  Operating a vehicle under the influence of an intoxicant.  (a)  A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>     (1)  While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty; [or]
>     (2)  While under the influence of any drug that impairs the person's ability to operate the vehicle in a careful and prudent manner[.]

Haw. Rev. Stat. § 291E-61(a)(1) (2004).

The ICA was merely recounting the elements of the statute, that the driver must have been under the influence of alcohol.  The ICA did not create a requirement of proof of an additional factor of causation.  Indeed, two Honolulu Police Department officers testified at trial that the traumatic effect of the accident could have been *a factor* in Petitioner's behavior after the accident and

performance on the field sobriety test. (Tr. at 14-15, 67-68.)  The ICA did not interpret their testimony to create a presumption that the traumatic effect of the accident contributed to Petitioner's impairment while driving.  Indeed, in reviewing the state court's conviction, the ICA stated that "[t]he evidence of alcohol impairment present in this case rivals that which we have previously held to be substantial at the very least."  Gaston, 119 P.3d at 616.

The ICA then went on to discuss Mitchell, and Vliet, cases where the defendants were not able to escape liability for DUI's because their impairment may have been caused by a combination of drugs and alcohol.  Mitchell, 15 P.3d at 314, Vliet, 983 P.2d at 189.  The ICA's reference to Mitchell and Vliet helped to establish that even if Petitioner's behavior after the accident could have been caused in part by the traumatic accident, it did not negate proof that alcohol was a cause of Petitioner's driving impairment.  Thus, the ICA only used Mitchell and Vliet as analogies to demonstrate that the prosecution merely had to prove that alcohol was a *contributing factor* to Petitioner's impairment while driving.

Petitioner also asserts that the Magistrate misstated Petitioner's argument in his state appeal when she stated, "[o]n appeal, Petitioner argued that there was insufficient evidence to support his conviction because the prosecution

did not prove that trauma from the accident was not a cause of his apparent impairment." (Pet'r's Object. 2.)  Petitioner states that his argument at trial was that "any impairment *after the accident* in the performance of the standardized field sobriety tests was caused by the accident rather than alcohol intoxication." (Id. at 3.)  This distinction is immaterial and irrelevant.  As stated above, the prosecution merely had to prove beyond a reasonable doubt that alcohol was a contributing factor to Petitioner's impairment while operating his vehicle.  Haw. Rev. Stat. § 291E-61(a)(1) (2004).

Since no presumption was created, Petitioner's claim that the presumption violated his right to due process of law by reducing the burden of proof is rejected.

## II.     Sufficiency of Evidence

Petitioner argues that the ICA "created the crime of driving after drinking alcohol without regard for whether the alcohol impaired the driver." (Pet'r's Object. 4.)  Petitioner is in effect arguing that though he did consume alcohol, it did not impair his driving.

Here, however, the evidence showed that Petitioner veered off the freeway, hit a utility pole and a turn sign, and then became impaled on a

guardrail. The officers at the scene of the accident smelled alcohol on Petitioner's breath, observed that Petitioner's face was flushed, and his eyes were red and glassy. The officers arrested Petitioner for DUI after he failed the field sobriety test. (Tr. at 8-13, 28-30, 56-57, 62.)

Petitioner's statement that it is undisputed that there was no evidence at trial of Petitioner's driving impairment caused by anything other than alcohol, does not support his claim. Rather, it works against him to support a finding that there was sufficient evidence to support Petitioner's DUI conviction based upon the fact that alcohol was a factor to his driving impairment.

Thus, there was sufficient evidence to establish beyond a reasonable doubt that Petitioner operated his vehicle under the influence of alcohol in an amount sufficient to impair his ability to care for himself and guard against casualty, and which impaired his ability to operate his vehicle in a careful and prudent manner. The facts in this case are hardly "flimsy" as Petitioner claims.

## CONCLUSION

For the reasons stated above, the Court AFFIRMS the magistrate's Findings and Recommendation to Deny Petition.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 12, 2007.

_____
David Alan Ezra
United States District Judge

Gaston v. First Circuit Court et al., CV No. 05-00617 DAE-LEK; ORDER AFFIRMING MAGISTRATE'S FINDINGS AND RECOMMENDATION TO DENY PETITION FOR WRIT OF HABEAS CORPUS